FILED
U.S. DISTRICT COURT

06 JAN 24 PM 2: 13

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

ÉMINENCE ORGANIC SKIN CARE,  )
INC.                         )
                             )
                             )  Case No. **1:06-cv-0119-SEB-VSS**
            Plaintiffs,      )
                             )
    v.                       )  **JURY DEMAND**
                             )
SZEP ELET LLC                )
                             )
            Defendants.      )

## COMPLAINT

Plaintiff, Éminence Organic Skin Care Inc. ("Éminence"), for its Complaint against Defendant, SZEP Elet LLC ("SZEP") alleges:

## DESCRIPTION OF PARTIES, JURISDICTION AND VENUE

1.      Éminence Organic Skin Care Inc. ("Éminence") is a Canadian corporation having its principal place of business in Vancouver, British Columbia.

2.      Defendant, Szep Elet LLC. ("Defendant" or "Szep Elet"), is an Indiana limited liability company with its principal place of business in Indianapolis, Indiana.

3.      This Court has jurisdiction over this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1338 and 1367. Plaintiff claims violations of the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* as well related claims of Common Law Unfair Competition, Tortious Interference with Contract and Threatened Misappropriation of Trade Secrets. This Court also has jurisdiction under 28 U.S.C. §1332, since the amount in controversy exceeds $75,000, exclusive of interest and costs, and there exists complete diversity of citizenship between the Plaintiff and the Defendant.

## FACTS

4.      Éminence sells a line of organic skin care products that it manufactures based on

formulas it has developed.  Éminence has sold its line of organic skin care products in all fifty states, including Indiana, and in numerous foreign countries.

5. Each product in the line uses a distinctive mark to identify the specific product as a product sold and distributed by Éminence product (individually and collectively, the "Éminence Product Marks").  Éminence has used the Éminence Product Marks since 1997 to identify the products sold by Éminence.

6. Éminence has spent a significant sum of money and has devoted considerable time and energy to market and advertise its products using the Éminence Product Marks.  As a result of this advertising and promotion, as well as word-of-mouth promotion and referral from satisfied consumers, valuable goodwill has been developed for the Éminence Product Marks among consumers who purchase organic skin care products.  Such consumers have come to recognize the Éminence Product Marks as source indicative of the products sold by Éminence.

7. Beginning on or about June 2005, Defendant began distributing and selling a line of skin care products manufactured and developed by a Hungarian company, ILCSI.  Rather than marketing and selling these products under the marks formulated by ILCSI, defendant has been selling ILCSI's products, by intentionally copying the Éminence Product Marks, and selling the ILCSI products using the Éminence Product Marks.  Specifically, the following table identifies the Éminence Product Marks, the ILCSI mark for its product, and Defendant's use of a mark that is either identical or confusingly similar to the Éminence Product Marks to identify the ILCSI products sold by Defendant.

| Éminence Product Mark | ILCSI Mark | Szep Elet Mark |
|---|---|---|
| AHA Fruit Pulp Treatment | AHA Biological Peeling Mask | AHA Fruit Pulp Treatment |
| Apricot Whip Moisturizer | Apricot Foam Cream | Apricot Whip Moisturizer |
| Cinnamon Paprika B Lotion | Circulation Body Lotion | Cinnamon Paprika B Lotion |
| Herbal Cellulite Treatment | Gel for Regenerative connective tissue | Herbal Cellulite Treatment |
| Herbal Clay Treatment | Ichtyolic Paste Gel | Herbal Clay Treatment |
| Herbal Paprika Treatment | Masque before Event | Paprika Herbal Treatment |
| Herbal Spot Serum | GEPA gel for acned skin | Herbal Spot Serum |

| Éminence Product Mark | ILCSI Mark | Szep Elet Mark |
|---|---|---|
| Hydrovitalizing Rowan Sorb Masque | Sorb Apple Gel | Rowan Sorb Masque |
| Lemon Cleanser | Cleansing Milk | Lemon Cleanser |
| Linden Calendula Treatment | Rich Cream Lime Blossom and Marigold Rich | Linden Calendula Treatment |
| Mineral Cleansing Concentrate | Black Soap | Mineral Cleansing Concentrate |
| Naseberry Treatment Cream | Wrinkle Medlar Cream | Naseberry Treatment |
| Parsley Cucumber Treatment | Cucumber & Parsley Bleaching Mask | Cucumber & Parsley Oxygen Treatment |
| Peach Masque | Peach Cream Gel | Peach Masque |
| Pumpkin Orange Masque | Pumpkin Orange Cream Gel | Pumpkin Orange Masque |
| Quince Apple Masque | Quince Gel | Quince Apple Masque |
| Rosehip & Maize Exfoliating Masque | Hip Maize Skin Scrub | Rosehip & Maize Exfoliating Masque |
| Rosehip Tonique | Redrose Tonic | Rosehip Tonique |
| Rosehip Whip Moisturizer | Hip Foam Cream | Rosehip Whip Moisturizer |
| Seven Herb Treatment | Seven Herb Mask | Seven Herb Treatment |
| Sour Cherry Masque | Sour Cherry Gel | Sour Cherry Masque |
| Sour Cherry Whip Moisturizer | Sour Cherry Foam Cream | Sour Cherry Whip Moisturizer |
| Stonecrop Whip Moisturizer | Stonecrop Foam Cream | Stonecrop Whip Moisturizer |
| Sweet Red Rose Cleanser | Rosepetal Cleansing Milk | Sweet Red Rose Cleanser |
| Sweet Red Rose Tonique | Hip Tonic | Sweet Red Rose Tonique |
| Sweet Red Rose Treatment | Red Rose Gel | Sweet red Rose Masque |
| Sweet Red Rose Whip Moisturizer | Red Rose Foam Cream | Sweet Red Rose Whip Moisturizer |
| Wild Plum Tonique | Blackthorn Tonic | Wild Plum Tonique |
| Wild Plum Treatment | Blackthorn Gel | Wild Plum Masque |
| Wild Plum Whip Moisturizer | Blackthorn Foam Cream | Wild Plum Whip Moisturizer |

8.    Defendant has not only copied the Éminence Product Marks, or used a mark or marks so similar as to likely confuse consumers of organic skin care products, Defendant has also chosen to advertise in the same magazines Éminence has traditionally used to advertise its products, using advertisements which look like and are styled to be substantially similar to the advertisements used by Éminence in an effort to trade on the goodwill Éminence has developed. Defendant has also elected to market its products in packaging confusingly similar to

Éminence's distinctive packaging.

9.      Éminence has made demand on Defendant to stop copying the Éminence Product Marks, advertising and packages, but Defendant has refused to do so.

10.     Éminence markets its products through sales representatives, each of which has contracted with Éminence to sell and promote Éminence's products.   Because these sales representatives are vital to Éminence's success, Éminence's contracts with its sales representatives contain a non-competition provision which bars the sales representatives from selling or promoting any other skin care products during the term of the contract, and for a period of 12 months after termination.   Éminence's contracts with its sales representatives also contain confidentiality provisions that prohibit the sales representatives from disclosing information regarding Éminence, including such confidential information and trade secrets as the identity of Éminence's customers, the formulation of Éminence's products, the identity of and its relationships with Éminence's suppliers, and information regarding Éminence's plans and pricing.   Beginning in late 2005, Defendant has been soliciting some of Éminence's sales representatives urging them to breach their contracts with Éminence, to cease selling Éminence's products, and to begin selling Defendant's competing products.   Éminence has urged Defendant to cease soliciting its sales agents and attempting to tortiously interfere with Éminence's contracts with its sales agents and acquire its trade secrets, but Defendant has refused to provide Éminence with any assurances that it will discontinue its wrongful activities.

## FIRST CAUSE OF ACTION
(Lanham Act - Unfair Competition and False Designation of Origin)
(15 U.S.C. §1125(a))

11.     Plaintiff adopts and realleges paragraphs 1 through 10 of this Complaint.

12.     Éminence is the owner of the Éminence Product Marks.   By virtue of Éminence's advertising and promotion, as well as through promotion by others, consumers who purchase organic skin care products have come to identify the Éminence Product Marks, and Éminence's packaging of its products, to identify the products sold and distributed by Éminence, and no

other party's goods.

13.     Defendant's use of numerous marks either identical or substantially similar to the Éminence Product Marks, as well as Defendant's use of packaging confusing similar to Eminence's packaging, is deceptive, misleading, and is likely to cause consumer confusion and mistake of the type described by Section 43(a) of the Lanham Act.

14.     Defendant's misleading packaging, as well as its use of marks for its products identical or substantially similar to the Éminence Product Marks deprives Éminence of the benefit and goodwill associated with Éminence's Marks and its packaging, and allows defendant to pass off its goods as Éminence's.

15.     Defendant's misconduct is calculated and intended to mislead the public into believing that Defendant's business and its products are affiliated or associated with Éminence.

16.     Defendant's misleading packaging, and its use of marks identical or substantially similar to the Éminence Product Marks has a substantial effect on interstate commerce, and on Éminence's rights in its trade dress and its Marks. Defendant's conduct thus constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

17.     As a direct and proximate result of Defendant's unfair competition, Éminence has been, and continues to be, injured in its business and property and has sustained, and will continue to sustain, monetary damages to its business, goodwill, reputation, and profits in such amount to be proven in trial. Moreover, as a direct and proximate result of Defendant's unfair competition, Defendant has been and will continue to be unjustly enriched by its wrongful conduct.

18.     Éminence has no adequate remedy at law because its distinctive and proprietary system and marks are unique and represent to the public the identity, reputation and goodwill of Éminence. The damages caused by defendant's actions are not susceptible to any ready or precise calculation in that such damages involve lost profits, lost business opportunities, loss of goodwill, and the impairment of the integrity of the Éminence Product Marks, such that

monetary damages alone cannot fully compensate plaintiff for the defendant's misconduct and injunctive relief is appropriate.

19.     Unless enjoined by the Court, defendant will continue to make false descriptions or representations and to pass off his business as affiliated with, sponsored by or similar to Éminence, all to plaintiff's irreparable injury.  This threat of future injury to plaintiff's business identity, goodwill and reputation requires injunctive relief to prevent defendant's continued false descriptions or representations and passing off, and to ameliorate and mitigate plaintiff's injury.

## SECOND CAUSE OF ACTION
(State Unfair Competition)

20.     Plaintiff adopts and realleges paragraphs 1 through 19 of this Complaint.

21.     Defendant's actions with respect to its use of the Éminence Product Marks, its use of advertising appearing substantially similar to that used by Éminence, its use of product packaging substantially similar to that used by Éminence, and its efforts to solicit Éminence's sales representatives constitutes common law unfair competition and an unfair act or practice designed to pass off defendant's products as Éminence's and unfairly trade upon the good will of Éminence.

22.     Éminence has been, and will continue to be, seriously and irreparably damaged unless Defendant is preliminarily and permanently enjoined from its unfair methods of competition.  In addition, by reason of defendant's actions, defendant has unlawfully profited, and Éminence has been damaged, in amounts which have not yet been fully determined.

23.     Defendant has been unjustly enriched by its wrongful conduct, and Éminence is entitled to recover as restitution all profits and benefits Defendant has derived from its wrongful actions.  Moreover, as a direct and proximate result of Defendant's unfair competition, Éminence has been, and continues to be, injured in its business and property and has sustained, and will continue to sustain, monetary damages to its business, goodwill, reputation, and profits in such amount to be proven in trial.  In addition to (or as an alternative to) any award of restitution, Éminence is entitled to such damages as may be proved at trial caused by Defendant's wrongful

conduct.

## THIRD CAUSE OF ACTION

(Tortious Interference with Contract and Threatened Misappropriation of Trade Secrets)

24.     Plaintiff adopts and realleges paragraphs 1 through 23 of this Complaint.

25.     Defendant knows or has reason to know that Éminence has contracted with its sales representatives, that Éminence's contracts with its sales representatives prevent them from carrying Defendant's products or from competing with Éminence, and that Éminence's sales representatives are in possession of Éminence's trade secrets that would be inevitably disclosed if any of Eminence sales agents worked for Defendant.  Defendant has nonetheless attempted to tortiously interfere with contractual relationships between Éminence and its sales representatives and to solicit the disclosure of Éminence's trade secrets from its sales representatives.

26.     To date, Defendant has not successfully induced any sales representative to breach its contract with Éminence, but Éminence has good reason to believe that Defendant will continue its efforts to interfere with Eminence's contacts with its sales representatives and to solicit Éminence's sales representatives for the purpose of acquiring Eminence's trade secrets. Further, Defendant's efforts to solicit Éminence's sales representatives has caused, and is causing, disruption among Éminence's network of sales representatives, and is jeopardizing their abilities to successfully sell Éminence's products.

27.     Unless enjoined from continuing to solicit Éminence's sales agents, Éminence will continue to suffer irreparable injury and harm.

## RELIEF REQUESTED

WHEREFORE, plaintiff prays:

1.     That Defendant and all persons acting in concert or privity with it, its officers, agents, servants, employees, successors and assigns, jointly and severally, be preliminarily and permanently enjoined from using the Éminence Product Marks or any other mark substantially similar to any of the Éminence Product Marks, from identifying its products with packaging

confusingly similar to the distinctive packaging utilized by Éminence, and form otherwise unfairly competing with Éminence.;

2.      That Defendant and all persons acting in concert or privity with it, its officers, agents, servants, employees, successors and assigns, jointly and severally, be preliminarily and permanently enjoined from attempting to tortiously interfere with Éminence's contractual relations with its sales agents and acquiring its trade secrets by soliciting the employment of its sales representatives;

3.      That Éminence have judgment against defendant for such damages as it has sustained as a consequence of Defendant's unfair competition:

4.      That Defendant be required to account for and to pay to Éminence all profits resulting from its unfair competition;

5.      That Éminence be awarded costs of this action and reasonable attorney's fees as authorized by law; and

6.      That Éminence be awarded such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Éminence hereby demands a trial by jury for all issues triable to a jury.

Dated: 1/24/06

Jay G. Taylor
ICE MILLER LLP
One American Square, Suite 3100
Indianapolis, IN 46282-0200
Attorney for Éminence Organic Skin
Care, Inc.

Of Counsel
Douglas C. Berry
Graham & Dunn PC
Pier 702
801 Alaska Way, Suite 300
Seattle, WA 98121-1128

INDY 1670573v.4